USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------- X
UNITED STATES OF AMERICA,    :
   :
   :
    -against-   :
   :
   :
JULIO CESAR CASAS,    :
   :
           Defendant.    :
   :
------------------------------- X

No. 98 Cr. 707 (JFK)
**MEMORANDUM OPINION**
**& ORDER**

**JOHN F. KEENAN, United States District Judge:**

    On April 20, 1999, Julio Cesar Casas pled guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of one kilogram of heroin, in violation of various sections of Title 21 of the United States Code. On or about September 8, 2000, the late Honorable Allen G. Schwartz principally sentenced Casas to a term of 420 months' imprisonment. Casas now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."). For the reasons stated below, Casas' motion is denied.

### I. Background

    According to the original Presentence Investigation Report (the "PSR"), Casas has been in custody since his arrest on July 1, 1998. On April 20, 1999, Casas pled guilty to one count of

conspiracy to distribute and possess with intent to distribute in excess of one kilogram of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846 (PSR ¶¶ 2-3.)

Applying the 1998 edition of the Guidelines, the Probation Department ("Probation") calculated Casas' base offense level as 38, pursuant to U.S.S.G. § 2D1.1(c)(1), because the offense involved more than thirty kilograms of heroin. (Id. ¶¶ 39-40.) Under the 1998 Guidelines, "30 KG or more of Heroin" represented the highest level in the Drug Quantity Table. See U.S.S.G. § 2D1.1(c) (1998). According to the Government, however, Casas and his wife were "responsible for importing multi-hundred kilograms of heroin into the United States." (PSR ¶ 36.)

Probation also concluded that a four-level enhancement was warranted, raising Casas' adjusted offense level to 42, because Casas was "an organizer and leader" of the offense, which "involved at least five participants and was otherwise extensive." (Id. ¶ 43.) Furthermore, Probation determined that a three-level reduction was appropriate because of Casas' acceptance of responsibility, resulting in a total offense level of 39. (Id. ¶¶ 46, 49.) With a Criminal History Category of I, Casas' Guidelines range was 262 to 327 months' imprisonment. (Id. ¶¶ 52, 72.) However, Probation also noted that "[t]he Government may seek an upward departure as the quantity of drugs

2

for which Casas is responsible is under-represented." (Id. ¶ 83.)

On April 14, 2000, Judge Schwartz conducted a Fatico hearing.[1] The Government offered evidence, based on records kept by Casas, regarding Casas' involvement in transactions involving at least 359 kilograms of heroin. (Hr'g Tr., Apr. 14, 2000, at 13:17-25.) The records covered transactions between December 1996 and July 1998, and the Government's figure of 359 kilograms "err[ed] on the side of caution" by excluding overlapping records. (Id. at 39:19-21, 43:21-24, 44:5-9.) Casas also testified at the hearing, contesting the Government's accounting and portraying the amount of heroin for which he was responsible as approximately 94 kilograms. (Id. at 115:23-116:6.)

At sentencing on September 8, 2000, Probation, Casas, and the Government all agreed that the base offense level was 38 because Casas' offense involved more than 30 kilograms of heroin; indeed, in the words of his counsel, Casas "freely admitted" to his involvement with approximately 125 kilograms. (Sentencing Tr., Sept. 8, 2000, at 12:16-18, 31:12-15.) Casas

---

[1] "A 'Fatico' hearing is a sentencing hearing at which the prosecution and the defense may introduce evidence relating to the appropriate sentence." United States v. Lohan, 945 F.2d 1214, 1216 (2d Cir. 1991). "The government's factual burden at sentencing is a showing by a preponderance of the evidence, not beyond a reasonable doubt." United States v. Rios, 765 F.3d 133, 139 (2d Cir. 2014).

3

and the Government also agreed that a four-level adjustment was warranted due to Casas' leadership role in the offense. (Id. at 31:15-19.)  Before considering the Government's request for an upward departure, Judge Schwartz granted Casas a three-level reduction for acceptance of responsibility, resulting in an offense level of 39.[2]  (Id. at 42:8-11.)

Judge Schwartz credited the evidence offered by the Government at the Fatico hearing, finding that "the quantity [of heroin] is certainly well in excess of 300 kilograms[.]" (Id. at 32:12-19, 35:25-36:2 ("If you . . . look at all of the records and reconcile them, you find that there are well over 330 kilograms, well over, in my judgment 350 kilograms.").)  Judge Schwartz concluded that a three-level enhancement was warranted, raising Casas' total offense level to 42, because the offense involved a "major drug operation" that "caused tremendous damage to individuals in this country." (Id. at 42:19-24.)  With a total offense level of 42 and a Criminal History Category of I, Casas' Guidelines sentencing range was 360 months' to life imprisonment. (Id. at 42:24-43:1.)  Judge Schwartz imposed a

---

[2] Judge Schwartz also denied the Government's application to impose an enhancement for obstruction of justice based on Casas' testimony at the Fatico hearing. (Sentencing Tr., Sept. 8, 2000, at 41:22-25.)

4

sentence within the Guidelines range of 420 months' imprisonment. (Id. at 43:7-12.)  In the written Statement of Reasons in the judgment, Judge Schwartz explained that the sentence was "based on [Casas'] organizing and controlling [a] conspiracy involving more than 20 persons and quantities of heroin more than 10 times the highest amount on the drug quantity table." (Judgment at 7, ECF No. 152 (filed Sept. 11, 2000).)  This case was reassigned to this Court on July 13, 2010.

On November 1, 2014, the United States Sentencing Commission (the "Sentencing Commission") adopted Amendment 782 to the Guidelines, which retroactively reduced by two levels certain base offense levels in the Drug Quantity Table in § 2D1.1. See U.S.S.G. Supp. to App. C, amend. 782 (2014).  With the assistance of counsel, on January 9, 2017, Casas filed a letter in support of his motion under 18 U.S.C. § 3582(c)(2) based on Amendment 782.  The Government filed a letter in opposition on March 24, 2017.

## II. Discussion

Under certain circumstances, the Court may reduce a defendant's term of imprisonment if the defendant's sentencing range has been subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2).  In considering a motion

5

under § 3582(c)(2), the Court follows a two-step inquiry. See Dillon v. United States, 560 U.S. 817, 826-27 (2010). First, the Court must establish that the defendant is eligible for a sentence reduction by determining what the defendant's sentencing range would have been "had the relevant amendment been in effect at the time of the initial sentencing." Id. at 827; see also U.S.S.G. § 1B1.10(a)(2) (2016) (sentence reduction not authorized under § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range"). In determining the amended sentencing range, the Court "shall substitute only the amendments listed" in U.S.S.G. 1B1.10(d) "and shall leave all other guideline application decisions unaffected." U.S.S.G. 1B1.10(b)(1) (2016); see also Dillon, 560 U.S. at 827. If the defendant is eligible for a sentence reduction, then the Court must consider "any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

Here, Casas is ineligible for a reduction under the first step of the Dillon inquiry. "[F]or a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing." United

6

States v. Salinas-Doria, 114 F. Supp. 3d 142, 143 (S.D.N.Y. 2015); see also U.S.S.G. § 1B1.10(a)(2)(B) (2016). At the time of Casas' original sentencing, Judge Schwartz determined that Casas' base offense level was 38, which reflected that Casas' offense involved more than 30 kilograms of heroin and that "30 KG or more of Heroin" represented the maximum amount listed in the Drug Quantity Table. (See Letter from David B. Anders to Hon. John F. Keenan at 5, ECF No. 246 (filed Jan. 9, 2017); see also U.S.S.G. § 2D1.1(c) (1998).) Casas argues that his sentencing range under the amended Guidelines is lower because the amount to which he stipulated—"more than 30 kilograms of heroin"—"no longer equates to a base offense level of 38." (See Letter from David B. Anders to Hon. John F. Keenan at 5, ECF No. 246 (filed Jan. 9, 2017).) That is, under the amended Drug Quantity Table, an offense involving "[a]t least 30 KG but less than 90 KG of Heroin" corresponds to a base offense level of 36, two levels lower than Judge Schwartz determined. See U.S.S.G. § 2D1.1(c) (2016). An offense involving "90 KG or more of Heroin" corresponds to a base offense level of 38. Id.

Casas' argument ignores the clear statements by Judge Schwartz at sentencing finding that Casas was responsible for in excess of 300 kilograms of heroin. Even Casas' counsel, summarizing the testimony Casas gave at the Fatico hearing,

7

agreed that Casas "freely admitted" to being involved with approximately 125 kilograms of heroin. Whether Casas' offense involved 125 or 300 kilograms of heroin (or more), his base offense level under the amended Guidelines is 38. See U.S.S.G. § 2D1.1(c) (2016). Given Judge Schwartz's determination that Casas' base offense level at the time of original sentencing was 38 and that the Court must "leave all other guideline application decision unaffected," Casas' sentencing range is unchanged and he is not eligible for a reduction. See U.S.S.G. 1B1.10(b)(1) (2016).

Casas also argues that, in light of the policies underlying Amendment 782 and the "substantial recalibration of the drug quantity table" effected by Amendment 782, it is "unlikely" that Judge Schwartz, if he were sentencing Casas today, would determine that a three-level enhancement was warranted. (See Letter from David B. Anders to Hon. John F. Keenan at 6-7, ECF No. 246 (filed Jan. 9, 2017).) Casas' argument must be rejected for two reasons. First, a sentence reduction is not authorized under § 3582(c)(2) if the relevant amendment—here, Amendment 782—"does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (2016). For the reasons above, Amendment 782 does not alter Casas' sentencing range and, thus, no reduction is authorized. Second,

§ 3582(c)(2) empowers courts to "reduce" an otherwise final sentence, but "does not authorize a sentencing or resentencing proceeding." Dillon, 560 U.S. at 825. Regardless of the merit of Casas' speculation concerning the course Judge Schwartz might have selected under the amended Guidelines, it is essentially a request for resentencing that is beyond the scope of the Court's authority under § 3582(c)(2).

Accordingly, Casas is not eligible for a sentence reduction.

## Conclusion

For the reasons above, Casas' motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion docketed at ECF No. 246.

**SO ORDERED.**

Dated: New York, New York
December 18, 2017

John F. Keenan
United States District Judge